UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

KEVIN BAKER,                )
                            )
     Plaintiff,             )   Civil Action No. 10-223-JMH
                            )
                            )
v.                          )
                            )
                            )   **MEMORANDUM OPINION AND ORDER**
MICHAEL J. ASTRUE,          )
COMMISSIONER OF SOCIAL      )
SECURITY,                   )
                            )
     Defendant.             )


\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 10, 11].[1]  The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I.   OVERVIEW OF THE PROCESS AND THE INSTANT MATTER**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

In the instant matter, the Commissioner determined that Plaintiff was capable of performing past work, and Plaintiff challenges the Commissioner's conclusion at step four. Primarily, Plaintiff argues that the Commissioner's decision is not supported by substantial evidence of record. He also argues that the ALJ failed to consider the combined effects of all Plaintiff's impairments on his ability to perform work and that the ALJ failed

to determine whether he could work full time, i.e., could perform to the durational requirement of full time work. Finally, Plaintiff suggests that the ALJ failed at step three of the analysis when he failed to conclude that Plaintiff's impairments were sufficient to meet a listed impairment. The Court has considered arguments by Plaintiff and the Commissioner, as well as the administrative record, and, for the reasons stated below, affirms the decision of the Commissioner.

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

## III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was 35 years old at the time of the ALJ's decision.

He has a 9th or 10th grade education and past relevant work as a cashier, cook and delivery person, dishwasher, desk clerk, housekeeper, and fast-food restaurant manager. Plaintiff alleged disability beginning on June 18, 2006, due to back problems, bowel problems, bronchitis, asthma, and congestive heart failure.

The ALJ considered Plaintiff's claim in accordance with the five-step sequential evaluation process. At steps two and three, the ALJ found that Plaintiff's severe impairments included degenerative disc disease, disc bulges, status post lumbar fracture, chronic obstructive pulmonary disease, and history of congestive heart failure, but that he did not have an impairment or combination of impairments that met or medically equaled an impairment listed in the Listing of Impairments (the Listings), 20 C.F.R. pt. 404, subpt. P, app. 1 (2010). The ALJ then found at step four that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work. Relying on the testimony of a vocational expert (VE), the ALJ determined at step four that Plaintiff could perform his past relevant work as a desk clerk. Therefore, the ALJ concluded that Plaintiff was not disabled.

In evaluating Plaintiff's claims, the ALJ had the benefit of the treatment records of Plaintiff's treating physician, Dr. Wahab, as well as a functional capacity evaluation completed by a physical therapist at Dr. Wahab's request, and Plaintiff's treatment records from the University of Kentucky.

## IV. Analysis

At the fourth step in the analysis, Plaintiff must demonstrate that he is unable to perform his vocationally relevant former work. Only then does the burden shift to the Commissioner to demonstrate that other work is available which the claimant can perform. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

Here, the ALJ relied on testimony given by a VE to conclude that Plaintiff could perform his past relevant work as a desk clerk. Defendant argues that the ALJ's decision was, however, unsupported by substantial evidence because the VE's testimony was given in response to a hypothetical question which failed to take into account the appropriate RFC based on the evidence of record. Specifically, Defendant argues that the ALJ should have given substantial weight to the opinion of Russell Baker, a physical therapist who examined Plaintiff at the request of Plaintiff's treating physician. Baker concluded that Plaintiff could work only part-time at the sedentary physical demand level.

A physical therapist is not, however, an "acceptable medical source" under the applicable regulations. 20 C.F.R. §§ 404.1513(d), 416.913(d); *see also* Social Security Ruling (SSR) 06-3p, 2006 WL 2329939 (S.S.A.). Opinions from other sources "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function", but they are not entitled to controlling weight. SSR 06-03P. Thus, the physical therapist's opinion was not entitled to any special weight, even if it was

requested by a treating physician. Further, as the ALJ pointed out in his decision, the physical therapist's opinion was contradicted by other evidence of record. The physical therapist's proposed restrictions for Plaintiff were based on chronic low back pain, but he did not point to any portion of the record which contains evidence of back problems which would necessitate those restrictions.

Further, Plaintiff has sought little treatment for back pain from the alleged onset date. Although Plaintiff was treated at UK Kentucky from January to October 2008, his doctor visits were often for complaints of dyspnea (shortness of breath), chronic obstructive pulmonary disorder (COPD), gastroesophageal reflux disease (GERD), and stomach pain. A reasonable mind might conclude that Plaintiff's lack of treatment indicates an alleviation of his symptoms. *White v. Commissioner of Social Security*, 572 F.3d 272, 284 (6th Cir. 2009) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). Although Plaintiff visited the emergency room several times for back pain, he never followed up with a regular doctor after being discharged, and radiology reports consistently came back negative. The treatment he received for his back was unremarkable and conservative in nature, nor were any limitations imposed upon him during treatment by the physicians who did see him. *See Longworth*, 402 F.3d at 596 (an absence of any limitations imposed provides substantial evidence for a finding of not disabled).

The objective medical evidence is, frankly, not consistent with

the stringent limitations to which Baker opined. A June 2006 CT scan and x-ray of Plaintiff's lumbar spine indicated old trauma at T12/L1 with very minimal loss of height anteriorly and secondary degenerative changes; however, they were otherwise normal). That same month, a CT of his cervical spine and an xray of his thoracic spine revealed no acute abnormalities. As the ALJ noted, Plaintiff's more recent radiographic imaging showed mainly old, stable, vertebral body fractures in the thoracolumbar junction area. For instance, an October 2008 MRI of Plaintiff's lumbar spine showed the vertical bodies at normal height and intensity. Furthermore, a November 2008 MRI scan of his cervical spine revealed disc bulges at C5-6 and C6-7 but no evidence of a herniated disc.

Further, insofar as Plaintiff believes that his own testimony substantiates Baker's opinion, Plaintiff has not pointed to any specific testimony from the hearing to support this contention. Indeed, Baker testified that he drives, visits with his family, and does light household chores. He explained in his application materials that he cooks for himself, shops, and goes to the movies. Indeed, in April 2006, Plaintiff told an emergency room doctor that he attempted to carry a washing machine up the stairs. Then, in April 2007, he reportedly injured his toe while attempting to cut down a tree. This level of activity does not suggest that Plaintiff experienced the type of limitations to which Baker opined.

Further, and contrary to Plaintiff's argument, the ALJ did consider the effect of his impairments in combination when

developing an RFC.  The Sixth Circuit has recognized that "[i]n reaching a determination as to disability, the ALJ is to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to render the claimant disabled." *Walker*, 980 F.2d at 1071 (citing 20 C.F.R. § 404.1523). However, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Sec. of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (citing *Gooch v. Sec. of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)).

Plaintiff fails to explain in what regard the ALJ did not consider the combined effects of his impairments, nor did he show how his combined impairments affected his RFC.  Furthermore, a review of the ALJ's decision reveals that he sufficiently considered Plaintiff's impairments.  For example, the ALJ stated, that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments".  The ALJ also made multiple references to Plaintiff's "impairments" and discussed each impairment.  Thus, the ALJ sufficiently considered the cumulative effect of Plaintiff's impairments.

Finally, as to whether the ALJ considered whether Plaintiff is able to hold a job for a significant period of time, the Court

assumes that "[i]mplicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of maintaining employment." *Garland v. Astrue*, No. 07-181-DLB, 2008 WL 2397566, at *6 (E.D. Ky. June 10, 2008). There is no separate durational requirement. *See Wilson v. Astrue*, No. 6:10-089-DCR, 2010 WL 4024893, at *6 (E.D. Ky. Oct. 13, 2010); *Durham v. Astrue*, No. 09-202-DCR, 2010 WL 672136, at *6 (E.D. Ky. Feb. 22, 2010); *Johnson v. Astrue*, No. 08-298-JBC, 2009 WL 2473627, at *3 (E.D. Ky. Aug. 10, 2009). Since the RFC determination imposed no durational limitations on Plaintiff's ability to perform substantial gainful activity, the Court presumes that the ALJ intended no such limitation and that the VE's testimony did not take such a limitation into account. Finally, Plaintiff cites to no evidence in the record which suggests that he is in anyway limited from holding a job for a significant period of time.

Finally, Plaintiff also asserts that the ALJ erred when he failed to conclude that Plaintiff's impairments were sufficient to meet a listed impairment, but he has not identified what listing he believes that his impairments would meet or medically equal. Since his argument lacks the specificity required on appeal, the Court will consider this argument no further. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006) (When a plaintiff fails to offer any particularized argument to support his assertion, the Court will not "formulate arguments on the Plaintiff's behalf" or engage in an "open-ended review of the entirety of the administrative record to determine ... whether it

might contain evidence that arguably is inconsistent with the Commissioner's decision").

**IT IS ORDERED**:

(1) that Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**; and

(2) that Defendant's Motion for Summary Judgment [DE 11] is **GRANTED**.

This the 26th day of September, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge